UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>                              Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF CORRECTIONS,<br>BARBARA J GRONSETH, DENISE<br>LARSON, RON FRAKER, STATE OF<br>WASHINGTON,<br><br>                              Defendants. | No. C12-5518 BHS/KLS<br><br>ORDER DENYING MOTION FOR<br>COUNSEL |

Before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 9.  Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

ORDER  - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.

*Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

facts during litigation.  But, if all that was required to establish the complexity of the relevant

issues was a demonstration of the need for development of further facts, then practically all cases

would involve complex legal issues.  *Id.*

Plaintiff states that he is unable to afford counsel.  ECF No. 8.  However, Plaintiff does

not meet the criteria for the appointment of counsel and has not shown that he is unable to

continue representing himself in this litigation.  Plaintiff has demonstrated that he is able to

articulate his claims in a clear fashion understandable to this Court.  In addition this is not a

complex case.  This case does not involve complex facts, or law. This case will not require the

use of experts or any other in-depth analysis or argument.  In addition, Plaintiff's incarceration

does not increase the complexity of his case. "Most actions require development of further facts

during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts

necessary to support the case.  If all that was required to establish successfully the complexity of

the relevant issues was a demonstration of the need for development of further facts, practically

all cases would involve complex legal issues."  *Wilborn*, 789 F.2d at 1331.

ORDER  - 2

In addition, Plaintiff has made no showing that he is likely to succeed on the merits of his claim. Plaintiff has failed to demonstrate he meets the "exceptional circumstance" for an appointment of counsel in this case.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motion for counsel (ECF No. 9) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff.


**DATED** this <u>23rd</u> day of July, 2012.


Karen L. Strombom
United States Magistrate Judge

ORDER  - 3