UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CEASAR ALVERTO, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS, BARBARA J GRONSETH, STATE OF WASHINGTON, CATHY ALPIN, <br><br> Defendants. | CASE NO. C12-5518 BHS-KLS <br><br> ORDER DENYING MOTION TO "SUPPLEMENT" COMPLAINT AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |

Before the Court is Plaintiff's "Motion to Supplement Original Complaint. ECF No. 21. Plaintiff moves to supplement his allegations against Defendant Barbara Gronseth to add a retaliation claim against Defendant Gronseth stemming from an incident that occurred in the law library on October 2, 2012. *Id.* Defendants do not object to the amendment. ECF No. 29.

Pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 15(a), "[a] party may amend the party's pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires. Fed.R.Civ.P. 15(a)(1)(A)(B) and (2). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997). The decision to allow a party to amend its

ORDER - 1

1    complaint after the period when the party may do so as a matter of right lies within the sound
2    discretion of the trial court. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

3           Accordingly, Plaintiff may file a Second Amended Complaint in order to include the
4    retaliation claim against Defendant Gronseth.  No further amendments shall be allowed.  In
5    addition, Plaintiff is advised that the First Amended Complaint will operate as a <u>complete</u>
6    substitute for (rather than a mere supplement to) the Amended Complaint (ECF No. 14).  In other
7    words, an amended complaint supersedes the original in its entirety, making the original as if it
8    never existed.  Therefore, reference to a prior pleading or another document is unacceptable –
9    once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve
10   any function in this case. Therefore, Plaintiff's request to "supplement" his amended complaint
11   is denied.  Plaintiff must file a new and complete complaint – which he should title "Second
12   Amended Complaint."  All claims and the involvement of every defendant should be included in
13   the Second Amended Complaint; otherwise, the claims will no longer exist.

14          Accordingly, it is **ORDERED:**

15          (1)    Plaintiff's Motion to Supplement (ECF No. 21) is **DENIED.**  Plaintiff may file a
16   Second Amended Complaint **on or before December 28, 2012.**  If Plaintiff fails to submit a
17   complete Second Amended Complaint by that date, this action will proceed on the Amended
18   Complaint (ECF No. 14).

19          (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

20          **DATED** this <u>30th</u> day of November, 2012.

*[signature]*

Karen L. Strombom
United States Magistrate Judge