UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME CEASAR ALVERTO,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. C12-5518 BHS-KLS

AMENDED ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 32), and Plaintiff Jerome Ceasar Alverto's ("Alverto") objections to the R&R (Dkt. 36).

## I.    PROCEDURAL & FACTUAL BACKGROUND

On October 10, 2012, Alverto filed a motion for preliminary injunction to enjoin the Defendant Barbara Gronseth ("Gronseth"), a law library employee at Clallam Bay Corrections Center ("CBCC") (Dkt. 28-1 at 1), from harassing him, from obstructing evidence, and from obstructing his access to the library at CBCC, where Alverto is incarcerated. Dkt. 20 at 3-4. In that same motion, Alverto also sought an order directing Defendants to permit him to have an extra box of legal materials in his cell. *Id.* Finally, Alverto requested declaratory judgment that he has a due process right to equal treatment in accessing the courts, which he claims Gronseth violated. *Id.* at 4.

Judge Strombom issued an R&R which recommended that the Court deny Alverto's motion for temporary injunction because he has failed to demonstrate (1) irreparable harm absent the relief he seeks, or (2) that he has suffered any harm regarding his access to the courts. Dkt. 32 at 4. In regard to the latter, Judge Strombom found that even if Alverto's hours at the library were lessened by three hours in one week, as claimed, Alverto failed to provide specific evidence demonstrating that library restriction actually occurred, and he failed to show actual injury therefrom. Dkt. 32 at 4. Further, Judge Strombom found that Alverto has shown no entitlement to have an extra box of legal papers in his cell, which "may certainly be more convenient," but inconvenience "does not amount to the irreparable harm required for the issuance of a preliminary injunction." *Id*. at 4-5.

On December 28, 2012, Alverto filed objections to Judge Strombom's R&R, alleging Gronseth acknowledged and admitted to obstructing a "material" and "relevant" "affidavit" from him "for the sole intent to retaliate against Plaintiff and to impede Plaintiff's ability to litigate the lawsuit…against Defendant Gronseth." Dkt. 36 at 2. On January 11, 2013, Defendants filed a response to Alverto's objections, arguing that his objections are based on a factual misstatement in the R&R. Dkt. 38 at 1-2. Thus, Defendants ask the Court to adopt Judge Stombom's recommendations. *Id*.

## II. DISCUSSION

Alverto argues that an injunction should issue because Defendant Barbara Gronseth has "acknowledged and admitted to obstructing 'material' and 'relevant' affidavit from the Plaintiff" in this case. Dkt. 36 at 2. Defendants argue that if this statement were true

it would weigh in favor of issuance of a preliminary injunction; however, it is not true and Alverto should know it is not true. Dkt. 38 at 1.

As Defendants argue, the statement quoted by Alverto regarding an alleged admission by Gronseth is indeed a misattribution in Judge Strombom's R&R. In her R&R, she states: "Defendant Gronseth states that inmate Roper stopped working on the affidavit and consequently, Mr. Alverto 'was denied material and relevant evidence' in this case." Dkt. 32 at 1. Had that actually been Judge Strombom's finding, it would have at least altered her legal analysis, if not her conclusion as to whether Alverto was irreparably harmed. However, it was not Judge Strombom's finding but a simple misattribution of a quote taken from Alverto's own affidavit (Dkt. 20 at 7) and attributed to Gronseth. This conclusion by Judge Strombom is supported by the absence of any such statement in Gronseth's affidavit (*see* Dkt. 28-1).

Aside from Alverto's continued assertion that Gronseth has impeded his ability to litigate his case and that an injunction should issue to prevent her from doing so, he offers no factual or legal support to persuade this Court that Judge Stombom's R&R was in error.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order that the R&R is **ADOPTED** (Dkt. 32).

Dated this 30th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge