1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

JEROME CEASAR ALVERTO,

                         Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, et
al.,

                         Defendants.

CASE NO. C12-5518 BHS

ORDER DENYING MOTION
FOR EXTENSION OF TIME

13    This matter comes before the Court on Plaintiff Jerome Ceasar Alverto's

14  ("Alverto") third motion for extension of time to file objections to Magistrate Judge

15  Strombom's Report and Recommendations ("R&R").  Dkt. 61. The Court has considered

16  the pleadings filed in support of the motion and the remainder of the file. For the reasons

17  stated herein, the motion is denied as set forth below.

18    On January 20, 2014, Alverto filed his second motion for an extension of time.

19  Dkt. 60 at 2.  Alverto asked for an extension to February 20, 2014.  *Id.* Defendants filed

20  no response.

21    During the pendency of Alverto's second motion for an extension of time, on

22  February 4, 2013, he filed the instant third motion for extension of time to file his

objections to the R&R.  Dkt. 61. This time Alverto claims that on January 21, 2014, he

received three boxes containing his personal legal papers from his prior facility, but he

maintains that documents necessary to respond to the R&R are missing.  *Id*. at 2.  For

example, he contends that his legal notes, affidavits, witness statements as well as other

documents were not transported to him by the Department of Corrections ("DOC").  *Id*.

In his third motion for extension of time, Alverto does not specify a date certain by which

he can respond because he does not know when DOC will supply him the documents that

are missing from the legal materials. Dkt. 61 at 3.

On February 20, 2013, the Court issued an order granting Alverto's second motion

for an extension of time, in part because it was unopposed.  Dkt. 62.  Due to the time it

takes for orders and pleadings to reach Alverto, the Court found his requested time for

extension (February 20, 2014) would have passed by the time the order reached him;

therfore, it granted an extension of time until March 21, 2014.  The Court also set forth its

expectations for Defendants' response to the third motion for extension of time,

requesting they provide the information necessary to determine whether a further

extension would be required.  *Id*. at 3.

On February 25, 2014, Defendants filed a response to Alverto's third motion for

an extension of time.  Dkt. 63.  Defendants set forth a timeline, supported by declarations,

demonstrating that Alverto's boxes of property were transported to him by DOC chain

buses to his new facility at Airway Heights and stating that Coyote Ridge, his former

correctional facility, is was no longer in possession of any of his belongings.  Dkt. 63 at

2.  Additionally, Defendants maintain Alverto was either issued or given access to his

boxes of property between January 8, 2014 and January 27, 2014.  *Id*. (*citing* Declaration of Larry Adams, Airway Heights' property Sergeant). Further, Sgt. Adams states that he is not aware of any staff taking or destroying Alverto's property, and he indicates that DOC does not have a tracking system for inmates' legal documents and personal papers and thus has no way of knowing if something particular is missing. *Id*.

Based on the foregoing, Defendants maintain that DOC staff did not take or destroy any of Alverto's property.  *Id*. They argue that Alverto has presented no evidence demonstrating that DOC destroyed or deprived him of his legal papers or evidence relating to his case.  *Id*. at 2-3. Defendants argue that even if the Court accepted Alverto's "self-serving" statements as true, an indefinite extension of the deadline to file his objections to the R&R would be unwarranted because there is "no reasonable likelihood that Plaintiff's missing documents are going to be found." *Id*.  However, they do not oppose a reasonable extension of time for Alverto to file his objections. *Id*.

The Court is satisfied that DOC has taken reasonable measures to ensure that Alverto's legal documents and papers were sent to him and that he was given access to them.  The Court agrees with Defendants that in Alverto's motion he has provided no evidence that DOC destroyed or otherwise deprived him of access to his legal or personal documents, and Alverto has filed no reply to Defendants' response, producing evidence that would demonstrate anything to the contrary.  Based upon the foregoing and given the Court's prior extension for filing objections to March 21, 2013, the Court finds that no further extension is necessary.

1     Therefore, it is hereby **ORDERED** that Alverto's third motion for an extension of

2 time (Dkt. 61) is **DENIED.**  Alverto has until March 21, 2014 to file his objections.

3     Dated this 10th day of March, 2014.

4

5

6     BENJAMIN H. SETTLE
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4