UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME CEASAR ALVERTO,

                    Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, et
al.,

                    Defendants.

CASE NO. C12-5518 BHS

ORDER DENYING MOTION
FOR EXTENSION OF TIME

        This matter comes before the Court on Plaintiff Jerome Ceasar Alverto's

("Alverto") fourth motion[1] for extension of time to file objections to Magistrate Judge

Strombom's Report and Recommendations ("R&R").  Dkt. 65.  The Court has considered

the pleadings filed in support of the motion and the remainder of the file.  For the reasons

stated herein, the motion is denied as set forth below.

        On January 31, 2014, Alverto filed his second motion for an extension of time.

Dkt. 60 at 2.  Alverto asked for an extension to February 20, 2014.  *Id.* Defendants filed

no response.

        [1] Although Alverto entitles his motion a "second motion for extension of time," as this
order will demonstrate, it is not.

1   During the pendency of Alverto's second motion for an extension of time, on

2   February 10, 2014, he filed a third motion for extension of time to file his objections to

3   the R&R.  Dkt. 61.  Alverto claimed that on January 21, 2014, he received three boxes

4   containing his personal legal papers from his prior facility, but he maintained that

5   documents necessary to respond to the R&R are missing.  *Id*. at 2.  For example, he

6   asserted that his legal notes, affidavits, witness statements as well as other documents

7   were not transported to him by the Department of Corrections ("DOC").  *Id*.  In his third

8   motion for extension of time, Alverto did not specify a date certain by which he could

9   respond because he indicated that he did not know when DOC would supply him the

10   documents that were missing from the legal materials. Dkt. 61 at 3.

11   On February 20, 2014, the Court issued an order granting Alverto's second motion

12   for an extension of time, in part because it was unopposed.  Dkt. 62.  Due to the time it

13   takes for orders and pleadings to reach Alverto, the Court found his requested time for

14   extension (February 20, 2014) would have passed by the time the order reached him;

15   therefore, it granted an extension of time until March 21, 2014.  The Court also set forth

16   its expectations for Defendants' response to the third motion for extension of time,

17   requesting they provide the information necessary to determine whether a further

18   extension would be required.  *Id*. at 3.

19   On February 25, 2014, Defendants filed a response to Alverto's third motion for

20   an extension of time.  Dkt. 63.  Defendants set forth a timeline, supported by declarations,

21   demonstrating that Alverto's boxes of property were transported to him by DOC chain

22   buses to his new facility at Airway Heights and stating that Coyote Ridge, his former

1   correctional facility, was no longer in possession of any of his belongings.  Dkt. 63 at 2.

2   Additionally, Defendants maintained Alverto was either issued or given access to his

3   boxes of property between January 8, 2014 and January 27, 2014.  *Id*. (*citing* Declaration

4   of Larry Adams, Airway Heights' property Sergeant). Further, Sgt. Adams stated that he

5   was not aware of any staff taking or destroying Alverto's property, and he indicated that

6   DOC does not have a tracking system for inmates' legal documents and personal papers

7   and thus has no way of knowing if something particular is missing. *Id.*

8         On March 10, 2014, the Court denied Alverto's third motion for extension of time.

9   Dkt. 64.  The Court was satisfied that DOC had taken reasonable measures to ensure that

10  Alverto's legal documents and papers were sent to him and that he was given access to

11  them.  *Id.* Additionally, the Court agreed with Defendants that Alverto provided no

12  evidence in his motion that DOC destroyed or otherwise deprived him of access to his

13  legal or personal documents.  *Id*. Further, the Court found relevant that Alverto filed no

14  reply to Defendants' response, thus failing to produce evidence that would demonstrate

15  anything contrary to what the Defendants' response indicated.  *Id*.  The Court concluded

16  no further extension, beyond the March 21, 2014 date, was necessary. *Id*.

17        During the pendency of Alverto's third motion for extension of time, on March 13,

18  2014, he filed the instant fourth motion for extension of time.  Dkt. 65.  Alverto's present

19  motion is premised on the same bases that his third motion for extension of time was

20  premised. *Id*.  That is, DOC failed to deliver, destroyed or otherwise prevented him from

21  accessing some of his personal legal materials, and he is uncertain when they will provide

22

ORDER - 3

1  him with all his legal documents, thus he is unable to file his objections and does not

2  know when he will be able to do so.  *See id.*

3        For the same reasons the Court denied Alverto's third motion for extension of

4  time, it also denies his fourth motion for extension of time.  If Alverto wished to

5  challenge the Defendants' response to his third motion for an extension of time, he

6  should have done so by filing a reply brief before the noting date for that motion.

7  However, even if the instant motion was filed as a reply to Alverto's third motion for

8  extension of time, the Court still would have denied it, as he has produced no evidence

9  demonstrating that DOC is responsible for the loss of, destruction of, or lack of access to

10  his legal papers.

11       It is hereby **ORDERED** that Alverto's fourth motion for an extension of time

12  (Dkt. 65) is **DENIED.**  Alverto has until March 21, 2014, to file his objections. No

13  further motions for extension of time to file objections to the R&R will be considered by

14  this Court.

15        Dated this 18th day of March, 2014.

16

17

18

19  BENJAMIN H. SETTLE
    United States District Judge

20

21

22