1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7

8

9

10

JEROME CEASAR ALVERTO,

Plaintiff,

v.

BARBARA J. GRONSETH and CATHY
APLINE,

Defendants.

CASE NO. C12-5518 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
DENYING PETITIONER'S
MOTION FOR INJUNCTIVE
AND DECLARATORY RELIEF

11

12

13

14

15

16

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 55), Plaintiff

Jerome Ceasar Alverto's ("Alverto") objections to the R&R (Dkt. 69), and Alverto's

motion for injunctive and declaratory relief (Dkt. 68).  The Court has considered the

R&R, Alverto's objections and his motion, as well as the remainder of the record. For the

reasons stated herein, the Court adopts the R&R and denies Alverto's motion.

17

**I. PROCEDURAL AND FACTUAL HISTORY**[1]

18

19

This matter arises out of the allegations in Alverto's amended complaint, alleging

that his First Amendment rights were violated on October 2, 2010, when Defendant

20

21

22

[1] For a complete factual and procedural history of this case, see Judge Strombom's R&R
which sets forth the foregoing in full. Dkt. 55 at 2-9. For the purposes of Alverto's objections,
the Court will reference or explain only the procedural history and facts necessary to determine
whether to adopt the R&R.

1   Barbara J. Gronseth ("Gronseth") ordered him to speak English, not Spanish, in the

2   inmate law library at Clallam Bay Corrections Center ("CBCC"). Dkt. 34.  Additionally,

3   Alverto's complaint alleges that Gronseth and Defendant Officer Cathy Apline

4   ("Apline"), a Sergeant at CBCC (collectively, "Defendants"), retaliated against him by

5   placing him in segregation on June 19, 2013, denying him time in the library, and

6   separating him from a witness in the library on October 2, 2012. *Id.*

7        On December 11, 2012, Alverto filed an amended complaint.  Dkt. 34.  In contrast

8   to his prior complaints, Alverto's amended complaint does not name the State of

9   Washington ("State") or the Department of Corrections ("DOC") as defendants. *Compare*

10  Dkts. 1-1 (proposed complaint), 14 (complaint) and 34 (amended complaint).  On

11  December 11, 2012, due to the amendment of the complaint, the State and DOC were

12  terminated as defendants from the Court docket.  On August 21, 2013, Defendants filed

13  for summary judgment, seeking to dismiss the State and DOC as well as the two

14  remaining Defendants.  Dkt. 49. On November 15, 2013, Alverto filed a response in

15  opposition to Defendants' motion. Dkt. 53.  On November 22, 2013, Defendants replied.

16  Dkt. 54.

17       On December 16, 2013, Judge Strombom issued an R&R (Dkt. 55), wherein she

18  recommended denying Defendants' request for dismissal of the State and DOC as moot

19  and granting summary judgment and dismissal in favor of Defendants.  Judge Strombom

20  found that (1) the State and DOC were no longer defendants in the case; (2) Alverto

21  failed to raise a genuine issue of material fact as to his First Amendment claim (*id*. at 11);

22  (3) the record did not reflect a genuine issue of material fact showing that Apline

1  retaliated against Alverto (*id*. at 12-13); (3) the record did not reflect a genuine issue of

2  material fact that Gronseth retaliated against Alverto (*id*. at 13-17); and (4) the record

3  does not reflect a genuine issue of material fact that Alverto was denied access to the

4  courts. *Id*. at 17-19.

5        On March 20, 2014, Alverto filed a motion for injunctive and declaratory relief.

6  Dkt. 68.  On March 26, 2014, after multiple extensions (Dkts. 59 and 62), Alverto also

7  filed objections to the R&R. Dkt. 69. On April 4, 2014, Defendants responded in

8  opposition to Alverto's motion for injunctive relief and declaratory relief.  Dkt. 71.  On

9  April 18, 2014, Alverto replied in opposition. Dkt. 72.

10                          **II. DISCUSSION**

11  **A.      Report and Recommendation**

12          **1.      Dismissal of the State and DOC**

13        In Alverto's objections, he repeatedly references DOC, as if it remained a

14  defendant in this case.  *See, e.g*., Dkt. 69 at 1-3.  However, Judge Strombom's R&R

15  properly found that the State and DOC had been terminated from the case, as Alverto's

16  amended complaint did not name them as defendants. Dkt. 55 at 10-11.  An amended

17  complaint is a complete substitute for the prior complaint. *See* W.D. Local Civil Rule 15.

18  The R&R is adopted on this basis. Therefore, to the extent that Alverto continues to make

19  allegations against DOC or argue that summary judgment against them should not be

20  granted, his arguments are of no avail.

21

22

1     **2.    First Amendment Claim**

2        Alverto claimed that on October 2, 2010 a prison inmate was helping him

3 understand his legal matters by translating English into Spanish, and Gronseth's

4 interference with that conversation was a constitutional violation (Dkt. 34).  Judge

5 Strombom is correct in her conclusion that Alverto failed to establish a genuine issue of

6 material fact that Gronseth violated his First Amendment rights by telling him and

7 another inmate to speak English, rather than Spanish, in the prison law library. Dkt. 55 at

8 11.  Prisoners do not have an independent First Amendment right to assist other inmates

9 in litigation-related matters.  *Shaw v. Murphy*, 532 U.S. 223 (2001).  Additionally,

10 prisoners do not have a First Amendment right to communicate with other inmates.

11 *Turner v. Safley*, 482 U.S. 78, 91-93 (1987). Besides, as Judge Stombom indicates,

12 Alverto suffered no compensable injury from Gronseth's directive that he speak English.

13 Dkt. 5 at 11.

14       Nothing in Alverto's objections alters the Court's conclusion.  The R&R is

15 adopted on this basis.

16     **3.    Retaliation**

17         **a.    Apline**

18       Alverto maintains that he was retaliated against by Apline for engaging in

19 protected activity, i.e. complaining of Gronseth's June 19, 2012 illegal conduct in the law

20 library relating to the copying of interrogatories.  Dkts. 34.  Alverto alleges that Apline

21 made a false report based on the June 19, 2012 incident between Alverto and Gronseth in

22 the library, where during her routine duties, Apline observed the interaction between

1 | them regarding the copying of the interrogatories. Dkts. 34 at 7 and 53 at 8 (referencing

2 | an "incident report" that was "threatening"). However, there is no evidence that Apline

3 | herself wrote any report about the incident. Additionally, as Judge Strombom found,

4 | while Apline indicated that she observed what she thought was inappropriate behavior by

5 | Alverto towards Gronseth and agreed with her superior's decision to place him in

6 | segregation, there is no evidence that Apline was aware of any grievances or lawsuits

7 | filed by Alverto or that her actions were motivated by the filing of this lawsuit. *See* Dkts.

8 | 55 at 13 and 49-1 at 9-10 (Apline Declaration).   In fact, in June 2012, when this suit was

9 | filed, Apline had not been named as a defendant, and there is no evidence in the record

10 | that Apline was otherwise aware that this lawsuit had been filed. Dkt. 55 at 13.

11 | In his objections to the R&R, Alverto fails to establish a genuine issue of material

12 | fact that Apline engaged in retaliation against him.  Instead, he effectively reiterates the

13 | same arguments or assertions he made in his response brief.  *Compare* Dkts. 53 and 69.

14 | The Court concludes that Judge Strombom properly found that there was no evidence of

15 | retaliation by Apline and that summary judgment should be granted in her favor.  Thus,

16 | the R&R is adopted on this basis.

17 | **b.  Gronseth**

18 | In his objections, Alverto fails to establish a genuine issue of material fact that

19 | Gronseth engaged in retaliation against him.  *See* Dkt. 69.  Instead, he asserts that "but

20 | for" Gronseth and Apline's false report regarding the June 19, 2012 incident, he would

21 | not have been put into administrative segregation.  *Id*. at 2.  Alverto provides no facts

22 | contradicting Judge Strombom's finding in the R&R that he "fails to refute [] Gronseth's

1   evidence that she did not take any action against him as a result of the June 19, 2012

2   incident and that she did not ask that he be placed in segregation." Dkts. 55 at 15 and 69.

3        In his objections, Alverto also fails to establish that Gronseth denied him priority

4   access to the law library in July 2012, which he claims was a form of retaliation for

5   complaining of her and DOC's unlawful conduct and filing suit.  *See* Dkt. 69.  He asserts

6   that it "strains … the credibility of Gronseth and DOC" to believe Gronseth's statement

7   that, when she returned from vacation, she did not know about Alverto's priority status.

8   *Id*. at 2.  He further argues that DOC is not excused from liability for denying him access

9   to the law library essentially because other DOC employees knew of his priority status

10  and failed to inform Gronseth.  *Id*. at 2-3.

11       DOC is not a party to this suit and neither are any of its other employees;

12  therefore, Alverto's arguments relating to DOC or other non-parties are of no avail.

13  Additionally, Judge Strombom made no credibility determinations in concluding that

14  there was no evidence in the record to support that Gronseth's conduct in denying him

15  access to the library for a few days in July 2012 was retaliatory. Consistent with the

16  Court's review of the record, Judge Strombom found:

17         [T]he record reflects that the denial was an inadvertent one based on Ms.
       Gronseth's absence from the workplace. Even if it is assumed that Ms.

18         Gronseth was negligent in ensuring that Mr. Alverto received priority law
       library access, such conduct is not unconstitutional. *See Wood v. Ostrander*,

19         851 F.2d 121 (9th Cir. 1988).

20  Dkt. 55 at 15.  Again, Alverto's objections do not provide any evidence or legal authority

21  to persuade the Court that Judge Strombom did not arrive at the correct conclusion.

22

1    On October 2, 2012, Alverto maintains that Gronseth made threatening statements

2  to him and inmate Faron W. Roper ("Roper"). According to Alverto, she threatened

3  Roper by telling him that if he failed to stop working on his affidavit he risked infraction,

4  which resulted in a chilling of Alverto's right to First Amendment activities. Dkts. 53,

5  Ex. 8, and 48, Ex. 1.  Additionally, Alverto alleged that as he exited the library on that

6  day, Gronseth threatened to infract him and asked him to stop accessing the law library

7  because he obtained a blank affidavit form for Roper from the library clerk. *See* Dkt. 53,

8  Ex. 8.

9    After a thorough analysis of the record, Judge Strombom found that the evidence

10  was insufficient to conclude the claimed incidents amounted to retaliation which had a

11  chilling effect on Alverto's First Amendment rights.  *See* Dkt. 55 at 16-17 (*citing*

12  *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (In order to establish a retaliation

13  claim, a plaintiff must demonstrate a threat of harm that is more than minimal which

14  would have a chilling effect on the First Amendment activities of a "person of ordinary

15  firmness").  The Court concurs.

16    In his objections, Alverto does not specifically challenge Judge Strombom's

17  decision regarding the claimed October 2, 2012 library incidents.  *See* Dkt. 69.  Although

18  Alverto makes general, conclusory statements in his objections indicating that his

19  constitutional rights were violated, Alverto does not establish any facts or present any

20  legal authority to demonstrate that Judge Strombom's reasoning was in error.  *See id.*

21    Based on the foregoing discussion, as to each claim of retaliation by Gronseth, the

22  Court adopts the R&R.

1   **4.    Access to the Courts**

2       In his response to Defendants' motion for summary judgment, Alverto argues that

3   his right of access to the courts was violated by DOC and/or Gronseth when he was

4   forced to send discovery to the federal court on June 19, 2012; when he was denied

5   priority law library access for several days in July 2012; and when Gronseth allegedly

6   told him and Roper on October 2, 2012, that she would infract them if he obtained

7   declarations from Roper.  *See* Dkt. 53 at 8-13.

8       Based on a complete and thorough legal analysis of the evidence in the record,

9   Judge Stombom determined that Alverto was not denied access to the courts.  Dkt. 55 at

10  17-19.  The Court concurs.  With respect to the alleged June 19, 2012 and October 2,

11  2012 incidents, both occurred beyond the pleading stage.  At that stage of the litigation,

12  Alverto had no right to affirmative assistance from the State to ensure his right of access

13  to courts.  *Silva v. DiVittorio*, 658 F3.d 1090, 1102 (9th Cir. 2011) (Prisons have no legal

14  obligation to affirmatively assist inmates with litigation after the pleading state of an

15  action challenging a conviction, sentence, or conditions of confinement).

16       As to the July 2012 priority access period, Judge Strombom found that Alverto

17  failed to establish the stage of litigation on which he was working.  Dkt. 55 at 19.   In his

18  objections, Alverto does not pose any specific challenge to this conclusion. The Court

19  concurs with Judge Strombom.

20       With regard to Alverto's claim of active interference on the aforementioned

21  incident dates, he fails to establish any facts or provide any legal authority to persuade the

22  Court that Judge Strombom's conclusion was in error. There is no genuine issue of

1   material fact to support a claim that Gronseth actually interfered with Alverto's right to

2   access the courts.

3   In Alverto's objections regarding all the incidences for which he claims denial of

4   access to the courts, he largely reiterates the same facts he did in his response in

5   opposition to Defendants' motion, and he reasserts that he was denied access to the

6   courts. *Compare* Dkts. 53 and 69.  He thereby fails almost entirely to pose any

7   significant factual or legal objections to Judge Strombom's R&R, which concludes that

8   summary judgment should be granted in favor of Defendants on the retaliation claims.

9   The R&R is adopted on this basis.

10  **B.      Motion for Injunctive and Declaratory Relief**

11  Alverto seeks a permanent injunction prohibiting DOC from requesting or

12  ordering him to sign either a release of information form for his official educational

13  records or a basic skills enrollment form and forcing him to take a basic skills course.

14  Dkt. 68.  Alverto claims that DOC is interfering with his ability to access the law library

15  as retaliation for his exercising his constitutional right to withhold his signature from the

16  release of information form and the basic skills enrollment form. *See* Dkt. 68 at 5.

17  Defendants oppose this motion on three grounds: (1) it is untimely, as the

18  dispositive motion deadline was September 6, 2013; (2) it is entirely unrelated to the

19  claims (discussed above) that were brought in his complaint; and (3) even assuming his

20  motion was timely and related to the claims in his complaint, Alverto has not and cannot

21  demonstrate that he satisfies the four-factor test necessary for the Court to grant him

22  injunctive relief. Dkt. 7 at 1-3.

1    In Alverto's reply, he claims that his motion is not untimely, but he provides no

2    legal support for that argument. Dkt. 72 at 1.  Second, he maintains that his motion is

3    related to his complaint because DOC is "using the basic skills class as a barrier to

4    interfere with [his] ability to access the court." *Id*. at 2.  Additionally, in his reply,

5    Alverto makes a new argument, not made in his motion, regarding the relationship

6    between his case and the instant motion for injunctive relief. He argues that although he

7    was transferred from CBCC and the actions complained of in his motion took place at his

8    new incarceration facility, being forced to sign a release of records document, an

9    enrollment form and take a basic skills education course are all part of the same First

10   Amendment retaliation he claims he suffered at the hands of DOC prior to filing suit.  *See*

11   *id*. at 3.  In making this argument, Alverto claims that DOC and all its employees are

12   acting independently and in connection with Defendants to retaliate against him. *Id*.

13   The Court finds that Alverto has not demonstrated that his motion for injunctive

14   relief is timely.  Further, the motion is unrelated to his complaint in this case. Although in

15   his reply, Alverto attempts for the first time to argue that requiring him to attend a basic

16   skills course and place his signature on certain documents related to that course is

17   retaliation on the part of DOC, named Defendants and other DOC employees, the Court

18   does not have to accept an argument made for the first time in a reply brief.  Even if it did

19   consider the latter argument, the Court finds it without merit in part because DOC is not a

20   party to this case, nor are the other DOC employees at his new prison facility named

21   defendants.  Additionally, Alverto offers nothing but an assertion that DOC and all the

22   employees allegedly involved in the signature and basic skills course issues are

1   conspiring with the named Defendants to retaliate against him. Furthermore, as stated

2   above, the Court has found that Alverto has failed to show that the evidence reflects a

3   genuine issue of material fact that he suffered a First Amendment violation or First

4   Amendment retaliation by the named Defendants. *See supra*.

### III. CONCLUSION

6       Therefore, the Court hereby **ORDERS** that**:**

7       (1) The R&R is **ADOPTED** (Dkt. 55);

8       (2) Alverto's motion for injunctive and declaratory relief (Dkt. 68) is **DENIED**;

9       (3) The case is **DISMISSED**; and

10      (4) A certificated of appealability is **DENIED.**

11      Dated this 29th day of April, 2014.

12

13      _____

        BENJAMIN H. SETTLE
14      United States District Judge

15

16

17

18

19

20

21

22